UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| TROY TOD TROSTLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-44 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| R. CRAIG AVERY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This is a civil rights action brought by a state prisoner, which began with the filing of a complaint in Kent County Circuit Court on July 7, 2005. In his *pro se* complaint, Plaintiff sues Defendant for monetary damages allegedly caused by Defendant's ineffective assistance of counsel, in violation of Plaintiff's Sixth Amendment rights and MICH. COMP. LAWS § 600.2912. Defendant represented Plaintiff in criminal proceedings in the Kent County Circuit Court. On January 18, 2006, Plaintiff filed a petition for removal in this Court pursuant to 28 U.S.C. § 1441. Besides presenting the arguments in his complaint, Plaintiff also argues in his petition for removal that *ex parte* communications between the Kent County Circuit Court and Defendant violates his rights under the First, Fifth and Fourteenth Amendments. On January 23, 2006, this Court granted Plaintiff leave to proceed *in forma pauperis*. This matter is now before the Court on Defendant's motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, this Court concludes that this matter was removed improperly and must be remanded to the Kent County Circuit Court.

The right to remove a civil action from state to federal court is governed by 28 U.S.C. § 1446(a), which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). On the basis of the clear statutory language, the federal courts unanimously hold that the statute authorizes removal only by state-court defendants. *See, e.g., Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 579-80 (1954). Consequently, a plaintiff cannot remove an action filed in state court to federal court. *See* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3731 (3d ed. 1998).

In his petition for removal, Plaintiff indicates that this Court possesses jurisdiction under 28 U.S.C. §§ 1331 and 1332(a)(1). As an initial matter, diversity jurisdiction under § 1332(a)(1) is absent. Plaintiff alleges in his complaint that Defendant is a resident of Michigan and Plaintiff resides at Camp Lehman in Grayling, Michigan. As both Plaintiff and Defendant reside in Michigan, Plaintiff does not satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Under § 1331, the district courts are granted "original jurisdiction of all civil actions arising under the Constitution . . . ." To the extent that Plaintiff brings claims premised on violations of the First, Fifth, Sixth and Fourteenth Amendments, his claims fail because 42 U.S.C.§ 1983 "is the exclusive remedy for the alleged constitutional violations" by *state actors*. *Jordan v. Murphy,* No. 99-3489, 2000 WL 145368, *1 (6th Cir. Feb. 2, 2000); *see also Thomas v. Shipka,* 818 F.2d 496,

499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).  Plaintiff cannot show that his attorney acted under color of state law.

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system, a defense lawyer characteristically opposes the designated representatives of the State.  The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.  But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client."  This is essentially a private function, traditionally filled by retained counsel, for which State office and authority are not needed.

454 U.S. at 318-19.  The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender.  The Court said that once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program.  The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused.  Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control.  The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions.  *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Watson v. Carreer*, No. 99-5319, 1999 WL 1282433, at *1 (6th Cir. Dec. 27, 1999); *Carson v. Giovanni*, No. 88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988).  Accordingly, Plaintiff's attorney does not act under color of state law, and no claim under § 1983 can be maintained against him.

In any case removed from state court, the federal district court shall remand the case if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Since Plaintiff's complaint fails to invoke jurisdiction under 28 U.S.C. §§ 1331 and 1332(a)(1), this Court shall remand Plaintiff's case to Kent County Circuit Court.

Defendant requests attorney's fees and costs incurred as a result of Plaintiff's removal. *See* 28 U.S.C. § 1447(c). The Supreme Court recently clarified the standard to be applied when considering requests for attorney's fees in connection with an improvident removal. In *Martin v. Franklin Capital Corp.,* 126 S.Ct. 704, 711 (2005), the Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Finding that Plaintiff lacked an objectively reasonable basis for removal in this case due to his blatant disregard of the removal requirements of 28 U.S.C. § 1446(a) and this Court's jurisdiction, the Court will grant Defendant's request. Plaintiff's improvident deployment of the removal process here served to frustrate and delay prompt resolution of his case in Kent County Circuit Court. As the Court observed in *Martin,* "[t]he process of removing a case to federal court and having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* When a party has removed without an objectively reasonable basis for federal jurisdiction, § 1447(c) directs payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. In order to assess a just award in this case, the Court directs Defendant's attorney to submit a statement of their fees and costs as a result of Plaintiff's removal within five (5) business days.

Thereafter, Plaintiff may file an affidavit, brief and/or other supporting documents in opposition to the requested attorney's fees and costs within fourteen (14) days.

An Order consistent with this Memorandum Opinion will be issued.


Dated:  February 17, 2006                             /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE